[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on May 6, 1978 at New York, New York.
All jurisdictional requirements have been met.
The parties have two minor children issue of this marriage: Molly S. Brady, born September 17, 1982 and Andrew S. Brady, born July 14, 1985.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The court has considered all statutory criteria contained in Conn. Gen. Stat. 46b-56, 46b-81, 46b-82 and 46b-84 and enters the following orders.
1. The parties shall have joint legal custody of the minor children, whose primary physical residence shall be with the defendant. The plaintiff shall have reasonable visitation including but not limited to the following:
a) alternating weekends
 (1) Friday evening to Sunday morning (2) Sunday morning to Monday morning
b) Wednesday from 5 p. m. to Thursday morning
c) Alternating holidays (as set forth in CT Page 1190 C.G.S. 1-4
d) Equally shared school vacations.
The parties shall consult with each other on all major, nonemergency decisions affecting the children. If the parties cannot reach agreement the defendant shall have final decision making power. The defendant shall have final decision making power in all day to day decisions affecting the children.
The defendant shall give 60 days notice of her intention to move from the state of Connecticut.
2. The plaintiff shall pay to the defendant $550.00 per week as child support until the oldest child reaches the age of eighteen when child support for the younger child shall be $340.00 per week.
3. The plaintiff shall pay to the defendant pursuant to Conn. Gen. Stat. 46b-81, $668,000. The sum shall be paid in full no later than eight years from judgment. No less than $40,000.00 shall be paid each year and 7% interest shall accrue on the declining outstanding balance.
4. The property at Lovers Lane, Madison shall be placed on the market for sale and the parties shall cooperate in the sale. Upon sale, after paying outstanding mortgages, taxes and normal costs of closing, the parties shall divide the net proceeds equally. At his option the plaintiff may use any part or all of his half share to pay the defendant in partial payment of debt mentioned above. The court retains jurisdiction over the sale of the property.
5. The plaintiff shall provide medical insurance for the minor children. All unreimbursed medical and dental expenses shall be paid sixty per cent by the plaintiff and forty per cent by the defendant.
6. As alimony, until the death of either party, the defendant's remarriage, or until health benefits are available to the defendant through employment, the plaintiff shall provide medical coverage for the defendant under his current policy for as long as allowed by law.
7. Until such time as the house is sold, the defendant shall pay the mortgage insurance and taxes, and the parties shall pay equally all repairs or cosmetic improvements necessary to promote the sale.
8. The plaintiff shall pay to the defendant as alimony CT Page 1191 $750.00 per week until the death of either party, the defendant's remarriage or two years from the date of judgment.
9. The plaintiff shall maintain $300,000.00 of life insurance naming the minor children as irrevocable beneficiaries.
10. The defendant and plaintiff shall each pay 1/2 of private school tuition for the minor children.
11. The plaintiff shall provide the defendant with security for the unpaid assignment under paragraph 3 by pledging stock, property or maintaining insurance in the amount of the outstanding balance.
12. The plaintiff shall pay to defendant's counsel $12,500. as attorney's fees no later than 12/31/91.
ELAINE GORDON, JUDGE